IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAMARCUS PHILPOT-EL, #221354, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-846-WKW |
| ) | [WO] |
| ) | |
| J. C. GILES, et al., ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Lamarcus Philpot-El ["Philpot-El"], a state inmate, challenges abusive language and threats directed by a correctional officer, defendant Flemmons, at inmate Fredrick Arrington. Philpot-El further complains that warden Giles failed to respond to a grievance he filed on behalf of inmate Arrington which addressed the actions of defendant Flemmons.

Upon review of the complaint, the court concludes that dismissal of this case prior to service is appropriate pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] 1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

*A.     Threats and Abusive Language*

**1.  Standing to Assert Claims**

Philpot-El contends that on July 5, 2006 officer Flemmons referred to inmate Arrington in a derogatory manner and threatened to slap Arrington. *Plaintiff's Complaint* at 4. The foregoing allegation references claims relative to actions taken against another inmate. Philpot-El lacks standing to assert the constitutional rights of other persons. *Saladin v. City of Milledgeville*, 812 F.2d 687 (11th Cir. 1987); *Allen v. Wright*, 468 U.S. 737, 751 (1984).

A plaintiff must assert legally cognizable injury in fact, whether real or threatened, before federal courts have jurisdiction. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-19 (1974). Standing involves two aspects. The first is the minimum "case or controversy" requirement of Article III. This requirement mandates that the plaintiff himself suffer actual or threatened injury resulting from the action challenged and that such injury is likely to be redressable in a judicial action. *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

In addition, the Supreme Court has established several requirements based on prudential considerations. *See Saladin, supra*. The prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another person. *Allen v. Wright*, 468 U.S. 737, 751 (1984).

With respect to claims arising from the alleged threat and abusive language directed

at inmate Arrington, Philpot-El is not "asserting his . . . own legal rights and interests [but] rather . . . the legal rights and interests of third parties." *Saladin*, 812 F.2d at 690. Thus, it is clear that such claims allege "infringement of a legal interest which clearly does not exist" and are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### 2. Merits of Claims

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981). Threatening, derogatory or abusive comments made by a correctional officer to an inmate do not rise to the level of a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143 (5th Cir. 1983); *see also Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973). Consequently, such claims are frivolous as they lack an arguable basis in law and are subject to dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

### B.   *The Grievance Claim*

Philpot-El complains that defendant Giles failed to respond to a grievance he filed

---

[2] 2. Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

challenging the actions of officer Flemmons. Specifically, Philpot-El asserts that "warden J. C. Giles . . . has not attempted to reprimand the officer involved, haven't looked into this matter, nor used preventative measures according to the [applicable] Administrative Regulation[s] . . . to prevent these acts from happening, or similar acts from futurely occurring." *Plaintiff's Complaint* at 4.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). In the context of a prison setting, "an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) (citations omitted). "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982).

Thus, defendant Giles' failure to respond or otherwise comply with administrative regulations in addressing the grievance filed by Philpot-El provides no basis for relief under § 1983. *See Brown v. Dodson*, 863 F.Supp. 284 (W.D. Va. 1994); *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982). Moreover, although 42 U.S.C. § 1997e(a) requires that an inmate exhaust his available administrative remedies prior to filing suit under § 1983, "[t]he failure [of correctional officials] to adopt or adhere to an administrative grievance procedure shall not constitute the basis for filing an action under [the sections] of this title." 42 U.S.C.

§1997e(b). In light of the foregoing, the court concludes that Philpot-El's challenge to the lack of a response to his inmate grievance/complaint is frivolous and due to be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as it asserts "infringement of a legal interest which clearly does not exist." *Neitzke*, 490 U.S. at 327.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before 11 October 2006 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

    Done this 27th day of September, 2006.


                                      /s/ Vanzetta Penn McPherson
                                      UNITED STATES MAGISTRATE JUDGE

Case 2:06-cv-00846-WKW-VPM   Document 7   Filed 09/27/2006   Page 6 of 6